IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CLYDE DALE EVANS, SR.,**

                **Plaintiff,**

     v.                                     CASE NO. 12-3144-SAC

**BUREAU OF PRISONS, et al.,**

                **Defendants.**

**O R D E R**

This matter comes before the court on a complaint submitted by a prisoner incarcerated in the United States Penitentiary in Leavenworth, Kansas. Plaintiff proceeds pro se, seeking damages and injunctive relief on allegations of being denied proper medical attention for serious pain.

Plaintiff submitted neither the $350.00 district court filing fee required by 28 U.S.C. § 1914, nor in the alternative a motion seeking leave to proceed in forma pauperis under 28 U.S.C. § 1915 without prepayment of the district court filing fee.

It appears, however, that plaintiff's litigation in federal court renders him subject to the "3-strike" bar in 28 U.S.C. § 1915(g), which prevents him from proceeding in forma pauperis in this matter absent a showing that he is subject to an imminent danger of serious physical harm.[1] Thus to pursue in forma pauperis status under § 1915,

---

[1] *See* 28 U.S.C.§ 1915(g)("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any

instead of pre-paying the $350.00 district court filing fee required by § 1914, plaintiff must submit a court approved form motion, D.Kan. Rule 9.1(g), that is supported by a certified copy of the plaintiff's institutional account for the six months immediately preceding the filing of this action, 28 U.S.C. § 1915(a)(2).  Plaintiff must also make a sufficient showing to satisfy the "imminent harm" exception to the 3-strike bar in § 1915(g).[2]

The court grants plaintiff additional time to satisfy the filing fee requirements in either § 1914 or § 1915.  The failure to file a timely response may result in the complaint being dismissed without prejudice, and without further prior notice.

IT IS THEREFORE ORDERED that plaintiff is granted twenty (20) days to EITHER pay the $350.00 district court filing fee, OR to submit a proper motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915 that is supported by the required certified financial records and a showing that addresses why the "3-strike" bar in 28 U.S.C. § 1915(g) should not apply.

---

facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.")

[1]The court finds plaintiff has filed, under his name or an alias, at least three cases in the United States District Court in the Northern District of Texas that qualify as a "strike" under § 1915(g):  *Parker v. Anderson*, Case No. 06-CV-269 (N.D.Tex)(dismissed March 31, 2008, as failing to state a claim for relief); *Evans v. State Troopers Weatherford TX Region*, Case No. 06-CV-895 (N.D. Tex)(dismissed July 18, 2007, as failing to state a claim for relief); and *Evans v. F.B.O.P-Federal Bureau of Prison*, Case No. 11-CV-57 (N.D.Tex)(dismissed April 26, 2011, pursuant to 28 U.S.C. § 1915(e)(2)).

[2]Plaintiff must offer "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury.... Reliance on past injuries or harm, or offering vague or conclusory allegations, is insufficient.... In other words, the injury must be imminent or occurring at the time the complaint is filed."  *Davis v. Rice,* 299 Fed. Appx. 834, 2008 WL 4891370, *1 (10th Cir. Nov. 13, 2008)(unpublished)(internal quotations and citations omitted), *cert. denied,* 129 S.Ct. 1989 (2009).

The clerk's office is to provide plaintiff with a court approved form for filing under 28 U.S.C. § 1915.

**IT IS SO ORDERED.**

DATED:  This 26th day of November 2012 at Topeka, Kansas.

<u>  s/ Sam A. Crow          </u>
SAM A. CROW
U.S. Senior District Judge